DUNLAP HOWE'S G'D'N *v.* JOHN DARNELL, ET AL.

**Agency—Evidence.**
> The mere fact that one who is a son-in-law sometimes transacts business for his father-in-law is not sufficient to raise an inference that an agreement for forbearance made by him was in fact made as the agent of the father-in-law who owned the note.

APPEAL FROM FLEMING CIRCUIT COURT.

December 19, 1874.

OPINION BY JUDGE COFER:

The only question in this record in any way affecting the merits of the case, is whether an agreement for forbearance was actually made by any one having authority to make it. If any such agreement was made at all, it was made by Gotherman with Dr. Yantis, who had no interest in the note, and whose agreement, if binding, must be binding on the ground that he was the agent of Howe, and as such had authority to make the agreement.

Yantis is Howe's son-in-law, and sometimes attended to business for him, and had the note in his possession, and left it with D. Wilson & Company, bankers, for collection, or for the payment of the interest, and to be sued on unless the interest was paid.

If it be conceded that Yantis did make the alleged agreement with Gotherman to forbear to sue, if interest, at the rate of 10 per cent. was paid up to date, and also, that such an agreement, if made by Howe, or by Yantis, with authority from Howe, would, if made without the assent of the appellees, have released them, we are still of opinion that the court erred in dismissing appellant's petition as to them, because there is, in our opinion, no sufficient evidence that Yantis had authority to make the agreement.

There is no proof or attempt to prove express authority to Yantis to make the agreement; and if he had authority it must be inferred

from the fact that he was Howe's son-in-law, and sometimes transacted business for him, and had this particular note in his hands for collection, and that his act in receiving the money from Gotherman was ratified by Howe. The only legitimate inference from the facts that Yantis had the note and that Howes ratified the collection made by him, is that he had authority to collect the whole or any part of the note. It would be going too far to presume from the fact that Yantis was the son-in-law, and sometimes transacted business for Howe, without any evidence as to the kind of business, that he had authority to make the alleged agreement. This conclusion on the facts, renders it unnecessary that we should consider other questions made by the appellants.

The judgment dismissing the petition as to the appellees, Harper and Darnall, is *reversed,* and the cause is remanded with directions to render judgment against them for the amount of the note, subject to an additional credit for $20.60, as of date January 31, 1872, being the excess they paid over legal interest to that date.

*William S. Botts, for appellant.*
*E. C. Phister, for appellees.*